Mel C. Orchard, III (WSB # 5-2984)
Gabriel Phillips (WSB # 7-5929)
The Spence Law Firm, LLC
15 S. Jackson Street
P.O. Box 548
Jackson, WY 83001
307.733.7290 / 307.733.5248 (fax)
orchard@spencelawyers.com
phillips@spencelawyers.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 APR -6 PM 12: 19

MARGARET BOTKINS, CLERK
CHEYENNE

*Attorneys for the Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| ZACHARY T. WILLINGHAM<br><br>PLAINTIFF,<br><br>v.<br><br>TAURUS INTERNATIONAL MANUFACTURING, INC. AND TAURUS HOLDINGS, INC.<br><br>DEFENDANTS. | Civil No. 20-cv-59-S<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Zachary Willingham, by and through his attorneys, Mel C. Orchard, III and Gabriel Phillips of The Spence Law Firm, LLC, pleads and alleges his causes of action against Defendants as follows:

### PARTIES

1.     Plaintiff Zachary Willingham was seriously injured when an unreasonably dangerous and defective Taurus Model PT 24/7 PRO DS .45 ACP pistol unexpectedly fired without a trigger pull.

2.     Plaintiff Zachary Willingham is a Wyoming citizen.

3.      Defendant Taurus International Manufacturing, Inc. and Defendant Taurus Holdings, Inc. (collectively "Taurus") designed, manufactured, imported, assembled, inspected, marketed, distributed or sold the firearm involved in this case.

4.      Defendant Taurus International Manufacturing, Inc. is a Florida corporation, with its principal place of business in Miami, Florida. On information and belief, Defendant Taurus International Manufacturing is a citizen of Florida and not a citizen of Wyoming.

5.      As a company, Defendant Taurus International Manufacturing can act only through its agents and employees and it is liable for the acts or omissions of its agents and employees.

6.      Defendant Taurus Holdings is a Florida corporation, with its principal place of business in Miami, Florida. On information and belief, Defendant Taurus Holdings is a citizen of Florida and not a citizen of Wyoming.

7.      As a company, Defendant Taurus Holdings can act only through its agents and employees and it is liable for the acts or omissions of its agents and employees.

8.      On information and belief, Defendant Taurus Holdings is the sole stockholder of Defendant Taurus International Manufacturing and both companies are in the business of designing, manufacturing, importing, assembling, inspecting, marketing, distributing or selling firearms, including the Taurus Model PT 24/7 PRO DS, in Wyoming and throughout the United States.

9.      On information and belief, the Taurus Defendants agreed and entered into a joint enterprise/venture for the common purpose to profit from designing, manufacturing, importing, assembling, marketing, distributing or selling firearms, including the subject firearm, and each

Defendant had an equal right to exercise control of the enterprise. As a result, the Taurus Defendants are liable for each other's acts and omissions.

10.     The Taurus Defendants are so intertwined contractually for each other's liabilities that they are essentially one entity for regard to the allegations set forth in this Complaint.

### JURISDICTION AND VENUE

11.     Plaintiff incorporates by reference all allegations contained in this Complaint.

12.     Jurisdiction is proper under 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of costs and interest.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred within the District of Wyoming.

14.     This Court has general personal jurisdiction over Taurus because it conducts continuous and systematic business in Wyoming.

15.     This Court has specific personal jurisdiction over Taurus because it purposefully availed itself of the privilege of conducting activities in Wyoming and Plaintiff's damages arise out of or relate to those activities.

16.     Taurus purposefully marketed, distributed or sold and *continues* to market, distribute or sell Taurus firearms throughout Wyoming.

17.     Taurus purposefully placed Taurus firearms into the stream of commerce within Wyoming and throughout the United States, and did so with awareness that these firearms were being distributed, marketed and sold in Wyoming.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18.     Plaintiff incorporates by reference all allegations contained in this Complaint.

19.     In the summer of 2016, Plaintiff purchased a Taurus Model PT 24/7 PRO DS .45 ACP pistol in Wyoming.

20.     Taurus designed, manufactured, tested, inspected, distributed, promoted, marketed, sold or placed into the stream of commerce the subject firearm.

21.     On information and belief, the firearm was in substantially the same condition at the time of the subject incident as when it left Taurus' custody and control.

22.     The subject firearm was designed and manufactured to include at least two safety mechanism: (1) the "firing pin block" designed to prevent the firing pin from moving forward and striking the primer until the trigger is in its final rearward position; and (2) the "manual safety lever" designed to block the firing mechanism when the lever is moved upward.

23.     The subject firearm is unreasonably dangerous and defective because these safety mechanisms do not prevent the pistol from firing without a trigger pull. In fact, moving the manual safety lever upward causes the pistol to fire without a trigger pull.

24.     On October 8, 2016, in Teton County, Wyoming, Plaintiff was handling the subject firearm in a safe and reasonable fashion. Holding the pistol in his right hand, Plaintiff pulled back the slide with his left hand and chambered a round. With his right hand, Plaintiff then moved the manual safety lever upward to the "safe" position and the pistol fired without the trigger being pulled, causing serious injury to Plaintiff's left hand.

25.     In the alternative, Plaintiff moved the manual safety lever upward, just past the safe position, to the "decocking" position and the pistol fired without the trigger being pulled, causing serious injury to Plaintiff's left hand.

26.     The bullet entered through the volar aspect of Plaintiff's hand at the level of the third metacarpophalangeal joint and exited through the dorsum of his hand at the base of the third metacarpophalangeal joint.

27.     Plaintiff was transported to St. John's Medical Center in Jackson, Wyoming, where emergency room doctors diagnosed a comminuted intra-articular fracture dislocation at the base of Plaintiff's middle finger, bone loss to the finger, and an extensor tendon injury with loss of tissue.

28.     Surgeons then performed an open reduction, internal fixation of Plaintiff's middle finger, grafted bone to the finger, reconstructed the extensor tendon, and grafted skin to the finger. Plaintiff was released from the hospital two days later.

29.     Over the next year, Plaintiff endured three additional surgeries and numerous physical therapy and occupational therapy sessions in an attempt to regain normal function of his left hand.

30.     Plaintiff continues to suffer from left hand deformity, as well as limited and decreased function, range of motion and strength. As a result, he was forced to change occupations.

31.     Plaintiff is likely to require additional medical care in the future.

32.     As a direct and proximate result of Taurus' acts and omissions, Plaintiff sustained serious bodily and emotional injuries.

### FIRST CAUSE OF ACTION – STRICT LIABILITY IN TORT

33.     Plaintiff incorporates by reference all allegations contained in this Complaint.

34.     At all times relevant, Taurus was in the business of designing, manufacturing, testing, inspecting, promoting, marketing, distributing, selling or placing into the stream of

commerce Taurus firearms, including the subject firearm.

35.     The subject firearm was in a defective and unreasonably dangerous condition by virtue of its propensity to fire without a trigger pull, while the manual safety lever is engaged.

36.     When used in a reasonable and foreseeable manner, a properly designed and manufactured pistol should not fire without a trigger pull and should not fire while the manual safety lever is engaged.

37.     The subject firearm was in a defective and unreasonably dangerous condition because moving the manual safety lever to the safe position causes the pistol to fire without a trigger pull.

38.     Engaging the manual safety lever on a properly designed and manufactured pistol should not cause the pistol to fire.

39.     In the alternative, the subject firearm was in a defective and unreasonably dangerous condition because moving the manual safety lever just past the safe position to the decocking position causes the pistol to fire without a trigger pull.

40.     Moving the manual safety lever to the decocking position should not cause a properly designed and manufactured pistol to fire without a trigger pull.

41.     When used in a reasonable and foreseeable manner, a properly designed and manufactured pistol should not fire unless the manual safety lever is disengaged and the trigger is pulled.

42.     On information and belief, the subject firearm was defectively and unreasonably dangerous when it was sold by and left Taurus' possession.

43.     On information and belief, the subject firearm was intended to and did reach the consumer without substantial change in the condition in which it was sold.

44.     On information and belief, Plaintiff used the subject firearm in an intended, reasonable and foreseeable manner.

45.     Prior to the incident, Plaintiff had no knowledge of the firearm's defective condition and had no reason to suspect that it was unreasonably dangerous.

46.     At the time of the incident, the defective nature of the firearm was not readily apparent to or discoverable by Plaintiff.

47.     The subject firearm caused physical harm to Plaintiff because the safety mechanisms failed to prevent an unintended discharge, the pistol fired without a trigger pull, and pivoting the manual safety lever upward caused the pistol to fire.

48.     As a direct and proximate result of the subject firearm's unreasonably dangerous and defective condition, Plaintiff was seriously injured.

49.     For these reasons, Taurus is strictly liable in tort for Plaintiff's injuries and damages, as specified in the "Damages" section of this Complaint.

## SECOND CAUSE OF ACTION – STRICT LIABILITY FOR MISREPRESENTATION

50.     Plaintiff incorporates by reference all allegations contained in this Complaint.

51.     Taurus, by advertising or otherwise, made to the public a misrepresentation of material fact concerning the character or quality of Taurus firearms, including the Taurus Model PT 24/7 PRO DS; namely that Taurus pistols were safe for normal use and when used as intended would not fire without a trigger pull, and that safety mechanisms in Taurus firearms, when used properly, would prevent unintended discharges.

52.     Taurus was aware, and intended, that potential consumers and owners of Taurus firearms, including the Taurus Model PT 24/7 PRO DS, would believe that Taurus pistols were safe for normal use and were designed, manufactured and equipped with functioning safety

mechanisms. This was the result of years of advertising and representations by Taurus concerning the quality and dependability of Taurus pistols.

53.     Taurus was aware that certain Taurus pistols, including the Model PT 24/7 PRO DS, were not safe for normal use and were not designed, manufactured or equipped with functioning safety mechanisms. Moreover, Taurus was aware that these defects resulted in numerous personal injuries and deaths throughout the United States.

54.     Despite actual knowledge that certain Taurus pistols, including the Taurus Model PT 24/7 PRO DS, were unreasonably dangerous and defective, Taurus concealed this fact from the public, potential consumers and owners of Taurus pistols.

55.     On information and belief, Plaintiff justifiably relied on Taurus' misrepresentations.

56.     Plaintiff would not have purchased or used the subject firearm, if the material facts regarding the defective nature of the pistol and the risk of injury that it created were not concealed.

57.     As a direct and proximate result, Plaintiff suffered serious injuries when the Taurus pistol fired without a trigger pull.

58.     Due to these misrepresentations, Taurus is strictly liable for injuries and damages as specified in the "Damages" section of this Complaint.

### THIRD CAUSE OF ACTION – NEGLIGENCE

59.     Plaintiffs incorporate by reference all allegations contained in this Complaint.

60.     At the time and place of the events described herein, Taurus owed a duty of reasonable care to Plaintiff to avoid causing him injury and to provide a firearm that would work as designed, intended and represented.

61.     At the time and place of the events described herein, Taurus was negligent in the design, manufacture, sale and failure to provide adequate and proper warnings with respect to the Taurus pistol's propensity to fire when the manual safety lever was engaged and propensity to fire without a trigger pull.

62.     Taurus knew or should have known that it is extremely dangerous for members of the public to own, possess, and use pistols without properly functioning safety mechanisms.

63.     Taurus breached its duty of care through acts and omissions including, but not limited to, the following:

a.     Failure to properly and adequately design, equip, manufacture, distribute or sell the subject firearm with functioning safety mechanisms;

b.     Failure to design, equip, manufacture, distribute or sell the subject firearm with safety mechanisms that performed in accordance with the relevant owner's instruction manual, and within the reasonable expectations of ordinary users and consumers;

c.     Designing, manufacturing, distributing or selling the subject firearm with a defective manual safety lever;

d.     Designing, manufacturing, distributing or selling the subject firearm with a defective firing pin safety block;

e.     Designing, manufacturing, distributing of selling the subject firearm with a defective trigger lock mechanism;

f.     Designing, manufacturing, distributing or selling the subject firearm with a defective firing pin decocker;

g.     Designing, manufacturing, distributing or selling certain Taurus pistols, including the subject firearm, that fire without a trigger pull;

h.      Designing, manufacturing, distributing or selling certain Taurus pistols, including the subject firearm, that fire when the manual safety lever is moved upward to the safe position or just past the safe position to the decocking position;

i.      Failing to utilize available alternative designs and reasonable engineering principles that would have prevented the subject firearm from firing without a trigger pull when the manual safety lever is moved upward;

j.      Failing to employ reasonable and adequate corrective or preventative action;

k.      Failing to perform reasonable and adequate testing of the subject model pistol;

l.      Failing to identify failure rates and failure modes of the subject model pistol;

m.      Failing to warn owners, potential consumers and members of the public of the failure to perform adequate testing of the subject model pistol;

n.      Failing to warn owners, potential consumers and members of the public that certain Taurus pistols, including the subject firearm, were unreasonably dangerous and defective;

o.      Failing to warn owners, potential consumers and members of the public that moving the manual safety lever upward on certain Taurus pistols, including the subject firearm, would cause those pistols to fire without a trigger pull;

p.      Failing to produce and provide adequate operation and safety instructions, manuals or warnings for the subject model pistol; and,

q.      Failing to exercise reasonable care under the circumstances.

64.    As a direct and proximate result of Taurus' negligent acts and omissions, the subject firearm unexpectedly fired without a trigger pull causing Plaintiff's injuries and damages as specifically detailed in the "Damages" section of this Complaint.

<u>**DAMAGES**</u>

65.     Plaintiff incorporates by reference all allegations contained in this Complaint.

66.     As a direct and proximate result of Taurus' acts and omissions, as set forth in this Complaint, Plaintiff is entitled to be compensated for the following damages:

   a.     Past and future pain, suffering, and emotional distress;

   b.     Past and future loss of enjoyment of life;

   c.     Past and future loss of earnings and earning capacity;

   d.     Past and future disability and disfigurement;

   e.     Past and future medical expenses;

   f.     Past and future caretaking expenses; and

   g.     Costs of this action, interest and all other damages allowed by law as deemed fair and just.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount supported by the allegations of this Complaint, as follows:

   I.     Judgment against Defendants for general damages in an amount consistent with the allegations contained herein and to be proved at trial;

   II.    Judgment against Defendants for special damages in an amount consistent with the allegations contained herein and to be proved at trial; and

   III.   Judgment for costs, interest and such other and further relief as the Court deems just and equitable.

DATED this 27th day of March 2020.

_____

Mel C. Orchard, III (5-2984)
Gabriel Phillips (7-5929)
The Spence Law Firm, LLC
15 S. Jackson Street, P.O.  Box 548
Jackson, WY  83001
307.733.7290 / 307.733.5248 (fax)
orchard@spencelawyers.com
phillips@spencelawyers.com

## DEMAND FOR JURY TRIAL

Plaintiff, by and through counsel, requests this matter be tried to a jury of six and submits the requisite fee herewith.

DATED this 27th day of March 2020.

Mel C. Orchard, III (5-2984)
Gabriel Phillips (7-5929)
The Spence Law Firm, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, WY 83001
307.733.7290 / 307.733.5248 (fax)
orchard@spencelawyers.com
phillips@spencelawyers.com